1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

REV. CALVIN WARREN,

                              Plaintiff,

vs.

REV. DR. BERNICE KING, et al.,

                             Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:07-cv-00680-KJD-GWF

**ORDER & FINDINGS AND RECOMMENDATIONS**

**(Application to Proceed *In Forma Pauperis* - #1)**

      This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1), filed on May 25, 2007.  Pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.

## DISCUSSION

### I.    Screening the Complaint

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

1  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional

2  factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual

3  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

4  incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton*, 504

5  U.S. at 33.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to

6  amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

7  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d

8  1103, 1106 (9th Cir. 1995).

9      Plaintiff alleges that Rev. Dr. Bernice King and several other individuals named in Plaintiff's suit

10  performed an operation and placed "technology" into his arm without his consent.  Plaintiff alleges that

11  the "technology" was used to control Plaintiff so that people could have sex with him against his will.

12  As a result, Plaintiff alleges that both his constitutional and religious rights have been violated for the

13  past thirteen (13) years.  The Court finds that these allegations are irrational, wholly incredible, and

14  frivolous.  Accordingly,

15      **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is

16  **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of Three Hundred Fifty Dollars

17  ($350.00).

18      **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

19  **RECOMMENDATION**

20      Based on the foregoing, it is the **recommendation** of the undersigned United States Magistrate

21  Judge that the Complaint should be **dismissed** with prejudice based on an indisputably meritless legal

22  theory and frivolity.

23  **NOTICE**

24      Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

25  writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the

26  courts of appeal may determine that an appeal has been waived due to the failure to file objections within

27  the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure

28  to file objections within the specified time and (2) failure to properly address and brief the objectionable

2

issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of June, 2007.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**

3